IN THE CIRCUIT COURT OF GRENADA COUNTY, MISSISSIPPI

Estate of Fred Dunn, deceased,
by and through Tommie Dunn, Administrator,                    PLAINTIFF

Versus                                      Civil Action No. 2012-416CV-L

National Heritage Realty, Inc.,                               DEFENDANT

## COMPLAINT

Plaintiff, Estate of Fred Dunn, deceased, by and through Tommie Dunn, Administrator, asserts its causes of action against Defendant, stating:

1. Fred Dunn was a resident of Grenada Health & Rehabilitation Center, a skilled nursing facility located at 1966 Hill Drive, Grenada, Mississippi from September 6, 2000, until July 1, 2002, and suffered personal injuries and damages while a resident there.

2. Defendant National Heritage Realty, Inc. (National Heritage), is a Louisiana corporation with its principal place of business at One Ravinia Drive, Atlanta, Georgia. The agent for service of National Heritage Realty, Inc. is CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232. At all times material to this lawsuit, National Heritage Realty, Inc., did business in Mississippi as a corporation engaged in the custodial care of elderly, helpless individuals who are chronically infirm, mentally impaired, and/or in need of nursing care and treatment at Grenada Health & Rehabilitation Center.

3. At all times material hereto, Defendant owned, operated and/or controlled Grenada Health & Rehabilitation Center. The actions of each of Grenada Health & Rehabilitation Center's servants, agents and employees as set forth herein, are imputed to National Heritage Realty, Inc.

**FILED**

SCANNED DEC 06 2012

LINDA BARNETTE, CIRCUIT CLERK
By:_____ D.C.

4. Jurisdiction is proper in the Circuit Court of Grenada County, Mississippi, in that the action is one at law and the amount in controversy, exclusive of interest and costs, exceeds the minimum jurisdictional limits of this Court. Venue is proper in the Circuit Court of Grenada County, Mississippi, in that all or substantially all of the acts and omissions giving rise to this civil action occurred in Grenada County, Mississippi.

## FACTUAL SUMMARY

5. On or about September 6, 2000, Fred Dunn was admitted to Grenada Health & Rehabilitation Center, and he remained a resident of the nursing home until July 1, 2002.

6. At the time of his admission, Fred Dunn was suffering from non-insulin-dependent diabetes mellitus, hypertension, peripheral vascular disease, status post amputation of right great toe, irregular heartbeat and dementia. Due to his mental and physical condition, Fred Dunn was unable to appreciate his situation or understand his legal rights sufficiently to manage his personal affairs. These conditions existed during his entire residence at Grenada Health & Rehabilitation Center and continued unabated until his death on July 30, 2002.

7. Prior to accepting Mr. Dunn as a resident of Grenada Health & Rehabilitation Center, agents of Defendant evaluated his physical and mental condition to determine the suitability of such placement. Defendant was thus aware of Mr. Dunn's medical condition and the care that he required when its agents and employees represented that they could adequately care for his needs.

8. Defendant held itself out as being:

    a. Skilled in the performance of nursing, rehabilitative and other medical support services;

    b. Properly staffed, supervised, and equipped to meet the total needs of its nursing home residents;

      c.      Able to specifically meet the total nursing home, medical, and physical therapy needs of Mr. Dunn and other residents like him; and,

      d.      Licensed and complying on a continual basis with all rules, regulations, and standards established for the operation of nursing homes.

9.      Defendant failed to discharge its obligations of care to Fred Dunn. As a consequence thereof, Fred Dunn suffered personal injuries, pain, suffering, and mental anguish. The wrongs inflicted upon Fred Dunn while under the care of the facility accelerated the deterioration of his health and physical condition beyond that caused by the normal aging process and resulted in physical and emotional trauma, which includes, but is not limited to:

      a.      pneumonia,
      b.      urinary tract infections,
      c.      multiple falls, and
      d.      poor hygiene.

10.      All of the above identified injuries, caused or contributed to by the negligent conduct of Defendant, caused Mr. Dunn to lose his personal dignity and suffer pain, degradation, anguish, and emotional trauma.

11.      The wrongs complained of herein were of a continuing nature, and occurred throughout Mr. Dunn's stay at Grenada Health & Rehabilitation Center.

12.      Plaintiff alleges that on all of the occasions complained of herein, Fred Dunn was under the care, supervision, and treatment of the agents, servants and/or employees of National Heritage and that the injuries complained of herein were proximately caused by the negligent, grossly negligent and other wrongful acts and omissions of the agents, servants and/or employees of National Heritage.

13.      Defendant has vicarious liability for the acts and omissions of all persons or entities under Defendant's control, either directly or indirectly, including its employees, servants,

3

agents, consultants, and independent contractors, whether in-house or outside entities, individuals, agencies, or pools causing or contributing to the injuries suffered by Fred Dunn.

14. Defendant owed duties to residents of Grenada Health & Rehabilitation Center, including Fred Dunn, to act as a reasonably careful person would act under the same or similar circumstances:

- a. To provide adequate and appropriate custodial care, assistance and supervision to Mr. Dunn;

- b. To provide adequate and appropriate nursing care, assistance and supervision to Mr. Dunn;

- c. To provide adequate and appropriate therapeutic care, assistance and supervision to Mr. Dunn;

- d. To exercise reasonable care in providing such care and services to Mr. Dunn in a safe and beneficial manner;

- e. To provide a safe, clean, comfortable and homelike environment for to Mr. Dunn, free from accident hazards and other avoidable causes of injury, abuse and neglect;

- f. To provide housekeeping and maintenance services necessary to maintain a sanitary, orderly and comfortable environment for Mr. Dunn;

- g. To evaluate and supervise the quality of care provided by their agents, servants, employees, contractors and consultants to Mr. Dunn and the other residents of Grenada Health & Rehabilitation Center;

- h. To establish, maintain and enforce policies and procedures governing the provision of adequate and appropriate care and services to Mr. Dunn and the other residents of Grenada Health & Rehabilitation Center;

- i. To establish and maintain an effective infection control program to prevent the development and transmission of disease and infection to Mr. Dunn;

- j. To maintain clinical records for Mr. Dunn that were complete, accurately documented, organized and readily accessible;

- k. To administer the facility in a manner that uses its resources efficiently to provide the care, services, supplies, equipment and supervision necessary to meet the total care needs of Mr. Dunn and the other residents of Grenada Health & Rehabilitation Center.

4

15. Defendant breached these duties to Fred Dunn, resulting in injuries to and mistreatment, abuse and neglect of Mr. Dunn.

16. The negligence of Defendant includes, but is not limited to, one or more of the following acts and omissions:

    a. Failing to provide adequate and appropriate custodial care, assistance and supervision to Mr. Dunn;

    b. Failing to provide adequate and appropriate nursing care, assistance and supervision to Mr. Dunn;

    c. Failing to provide adequate and appropriate therapeutic care, assistance and supervision to Mr. Dunn;

    d. Failing to exercise reasonable care in providing such care and services to Mr. Dunn in a safe and beneficial manner;

    e. Failing to provide a safe, clean, comfortable and homelike environment for Mr. Dunn, free from accident hazards and other avoidable causes of injury, abuse and neglect;

    f. Failing to provide housekeeping and maintenance services necessary to maintain a sanitary, orderly and comfortable environment for Mr. Dunn;

    g. Failing to evaluate and supervise the quality of care provided by their agents, servants, employees, contractors and consultants to Mr. Dunn and the other residents of Grenada Health & Rehabilitation Center;

    h. Failing to establish, maintain and/or enforce policies and procedures governing the provision of adequate and appropriate care and services to Mr. Dunn and the other residents of Grenada Health & Rehabilitation Center;

    i. Failing to establish and/or maintain an effective infection control program to prevent the development and transmission of disease and infection to Mr. Dunn;

    j. Failing to monitor and ensure that an adequate nursing care plan for Mr. Dunn was followed by nursing personnel;

    k. Failing to maintain clinical records for Mr. Dunn that were complete, accurately documented, organized and readily accessible; and

    l. Failing to administer the facility in a manner that used its resources efficiently to provide the care, services, supplies, equipment and

supervision necessary to meet the total care needs of Mr. Dunn and the other residents of Grenada Health & Rehabilitation Center.

17. A reasonably careful nursing home operator acting under similar circumstances should and would have foreseen that the failure to discharge the duties set out above would be likely to result in devastating injuries to Fred Dunn.

18. As a direct and proximate result of the negligence of Defendant as set out above, Fred Dunn suffered injuries as set forth herein, which required hospitalization and/or other medical treatment and which required Mr. Dunn to incur significant hospital and medical expenses, physical pain and suffering, mental anguish, loss of dignity and loss of quality of life.

19. Defendant owed duties to residents, including Fred Dunn, to engage, hire, train, direct, supervise and control its employees, servants, agents, and contractors so that such employees delivered nursing, therapeutic, dietary, social and custodial care and services to residents in a safe and beneficial manner.

20. Defendant's employees, servants, agents, and contractors owed duties to residents, including Fred Dunn, to render the nursing, therapeutic, dietary, social and custodial care and services to residents that a reasonably prudent and similarly situated person would render, in a safe and beneficial manner.

21. Defendant and its employees, servants, agents, and contractors owed duties to provide Fred Dunn the nursing, therapeutic and custodial care and services necessary for him to attain his highest practicable level of physical, mental, and psychosocial well-being.

22. Defendant and its employees, servants, agents, and contractors failed to meet these standards of care and violated their duties of care to Fred Dunn through acts and omissions constituting negligence, mistreatment and abuse, including, but not limited to, the following acts and omissions:

a. Failing to provide Mr. Dunn with adequate and appropriate hygiene care, including the failure to bathe him daily after each incontinent episode so as to prevent urine and fecal contact with his skin for an extended period of time;

b. Failing to provide sufficient amounts of water to Mr. Dunn to prevent recurrent and continual dehydration throughout his residency;

c. Failing to provide and ensure that Mr. Dunn received adequate hygiene and sanitary care to prevent skin breakdown and infection;

d. Failing to provide adequate supervision for Mr. Dunn to protect him from falls and other injury within the facility;

e. Failing to provide proper custodial care to assist Mr. Dunn in his activities of daily living;

f. Failing to give proper and timely wound care and to administer proper medication to prevent Mr. Dunn's existing medical conditions from worsening;

g. Failing to properly assess Mr. Dunn for the risk of development of pressure sores and other skin breakdown;

h. Failing to properly assess Mr. Dunn for the risk of falls;

i. Failing to develop, implement, and update an adequate and appropriate resident care plan to meet the needs of Mr. Dunn;

j. Failing to maintain appropriate records, including the failure to monitor and document significant changes in Mr. Dunn's condition;

k. Failing to monitor and ensure that an adequate nursing care plan for Mr. Dunn was followed by nursing personnel;

l. Failing to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care;

m. Failing to provide Mr. Dunn with adequate and appropriate observation and examination following an injury so as to timely and adequately provide appropriate emergency medical care;

n. Failing to provide care, treatment, and medication in accordance with physician's orders;

o. Failing to properly and timely notify Mr. Dunn's attending physician of significant changes in his physical condition, including, but not limited to, pneumonia, urinary tract infections, multiple falls and poor hygiene;

7

    p.    Failing to maintain medical records for Mr. Dunn in accordance with accepted professional standards and practices that were complete, accurately documented, readily accessible, and systematically organized with respect to:

        i.    The diagnosis of Mr. Dunn;

        ii.    The treatment of Mr. Dunn; and

        iii.    The assessment and establishment of appropriate care plans of care and treatment for Mr. Dunn.

    q.    Failing to adequately and appropriately monitor Mr. Dunn and recognize significant changes in his health status; and

    r.    Failing to respond to significant signs and symptoms of change in the condition of Mr. Dunn.

23.    A reasonably prudent nursing home and nursing staff, operating under the same or similar conditions, would not have failed to provide the care listed in the above paragraph. Each of the foregoing acts of negligence on the part of Defendant was a proximate cause of injury to Fred Dunn. Mr. Dunn's injuries were foreseeable by the Defendant.

24.    As a direct and proximate result of such negligent conduct by Defendant, Fred Dunn suffered injuries and incurred significant hospital and medical expenses, physical pain and suffering, mental anguish, humiliation, loss of dignity, loss of quality of life and disfigurement.

25.    WHEREFORE, based on the conduct of Defendant set forth above, Plaintiff asserts a claim for judgment for damages against the Defendant including, but not limited to, hospital and medical expenses, physical pain and suffering, mental anguish, humiliation, loss of dignity, loss of quality of life and disfigurement in an amount to be determined by jury, plus costs and all other relief to which Plaintiff is entitled by law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Estate of Fred Dunn, deceased, by and through Tommie Dunn, Administrator, prays for judgment against Defendant, National Heritage Realty, Inc., as follows:

8

1. For damages in an amount adequate to compensate Plaintiff for all the injuries and damage sustained by Fred Dunn caused by the alleged conduct of Defendant;

2. For all general and special damages sustained by Fred Dunn caused by the alleged conduct of Defendant;

3. For the costs incurred in investigating and litigating this action; and

5. For all other relief to which Plaintiff is entitled by Mississippi law.

Respectfully submitted,

Estate of Fred Dunn, deceased, by and through
Tommie Dunn, Administrator

_____
F. M. Turner, III (MS Bar No. 8147)
F. M. TURNER, III, PLLC
P.O. Box 15128
Hattiesburg, MS 39404-5128)
Tel: (601) 264-7775
Fax: (601) 264-7776

Attorney for Plaintiff

**FILED**

SCANNED    DEC 06 2012

LINDA BARNETTE, CIRCUIT CLERK
By:_____D.C.

9